UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WESTERN SURETY COMPANY,            )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )   Civil Action No. CV-03-S-1232-S
                                   )
BAILEY FENCE AND FLOOR             )
COVERING, INC., et al.,            )
                                   )
    Defendants.                    )

FILED
04 JAN 14 PM 3:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## MEMORANDUM OPINION

This action is before the court on plaintiff's motions for summary judgment (doc. no 14) and to strike evidentiary materials submitted in opposition to plaintiff's motion for summary judgment (doc. no. 20). Defendants filed their opposition to the motion for summary judgment on December 16, 2003,[1] and plaintiff filed a reply brief on December 23, 2003.[2]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, cross-claim, or counterclaim on which there is no genuine issue of material fact, and upon which the moving party is entitled to prevail as a matter of law.

> The judgment sought *shall be rendered forthwith if* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] *See* doc. no. 19.
[2] *See* doc. no. 21.



moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c) (emphasis supplied). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *See, e.g., Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the opposing party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*). Rule 56 permits the movant to discharge this burden with or without supporting affidavits. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

When the moving party has discharged its burden, the opposing party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *See Jeffery*, 64 F.3d at 594. The non-moving party must come forward with more than a "mere 'scintilla'" of evidence; instead, "there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

2

When deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-moving party, and, to resolve all reasonable doubts in that party's favor. *See Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983). Moreover, inferences that are "merely colorable,"[3] conclusory,[4] or conjectural, do not create a genuine issue of material fact. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corporation v. Dunmar Corporation*, 43 F.3d 587, 592 (11th Cir.), *cert. denied*, 516 U.S. 817, 116 S. Ct. 74, 133 L.Ed.2d 33 (1995) (citation omitted). In short, to avoid summary judgment, the opposing party must come forward with specific facts that are "material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicious." *American Lease Plans, Inc. v. Silver Sand Co. of Leesburg, Inc.*, 637 F.2d 311, 315 (5th Cir. 1981).[5]

Thus, if a reasonable fact finder evaluating the evidence could draw more than one

---

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988).

[4] *See Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 949 (11th Cir. 1993); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *See Augusta Iron & Steel Works v. Employers Insurance of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## II. STATEMENT OF FACTS

Plaintiff, Western Surety Company, previously issued certain performance and labor and material payment bonds on behalf of, and upon the request of, Bailey Fence and Floor Covering, Inc. ("Bailey Fence"), with respect to various construction projects within the State

of Alabama.[6] As consideration for the issuance of the bonds, defendants Bailey Fence and George M. Bailey, Jr. executed a General Indemnity Agreement dated January 15, 1999, by the terms of which both defendants promised to indemnify and hold the surety harmless from and against any and all demands, liabilities, losses, costs or expenses of whatever kind or nature, including attorney's fees, incurred by reason of the issuance of any bonds on behalf of Bailey Fence.[7]

The General Indemnity Agreement appears to bear the signature of George M. Bailey, Jr., and Evelyn Bailey.[8] Defendants dispute that Evelyn P. Bailey executed the General Indemnity Agreement.[9]

As a result of the failure of Bailey Fence to complete one of the bonded projects, and to pay various claimants for labor and materials furnished on several bonded projects, plaintiff, as surety, was called upon to discharge its performance and payment bond obligations.[10] To date, plaintiff has expended the sum of $220,028.08, exclusive of interest, as a result of the default of Bailey Fence.[11]

---

[6] *See* Plaintiff's Brief in Support of Summary Judgment at 1 (doc. no. 16).

[7] *See id.* at 2.

[8] *See* Evidentiary Submission of Western Surety Company in Support of Motion for Summary Judgment, Exhibit B (doc. no. 15).

[9] *See* Brief of Defendants in Opposition to Motion for Summary Judgment at 1, ¶ 2 (doc. no. 19).

[10] *See* Plaintiff's Brief in Support of Summary Judgment at 2.

[11] *See id..* Defendants respond to this statement of fact as follows: "Defendant neither admits nor disputes the amount of money in question inasmuch as Defendant believes that some of the payments are duplicate payments to sub-contractors." Defendants provide no evidence to support this "belie[f]", and as such, defendants' response is entirely inadequate to create a dispute as to a material fact regarding the amount due under the General Indemnity Agreement. *See* Initial Order Governing All Further Proceedings (doc. no. 8):

## III. ANALYSIS

In response to plaintiff's motion for summary judgment, defendants dispute only one fact — that Evelyn P. Bailey signed the General Indemnity Agreement. According to defendants, Evelyn Bailey neither signed the agreement, nor authorized anyone to execute it on her behalf through power of attorney or agency agreement.[12] Defendants concede, however, that George M. Bailey, Jr., executed the General Indemnity Agreement.[13] Thus, the only issue raised in opposition to plaintiff's motion for summary judgment is the liability, if any, of defendant, Evelyn P. Bailey. Defendants have produced sufficient summary judgment evidence to raise a dispute as to a material fact regarding the claim against Evelyn P. Bailey. Accordingly, the motion for summary judgment against defendant, Evelyn P. Bailey, is denied.[14]

In light of defendants' challenge to the authenticity of Evelyn P. Bailey's signature on the General Indemnity Agreement, however, an additional issue arises which requires

---

> Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based.[ ] *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

*Id.* at 11, Appendix (emphasis in original).

[12] *See* Evidentiary Submission of Defendants in Opposition to Motion for Summary Judgment, Exhibit B, Affidavit of Evelyn P. Bailey (doc. no. 18).

[13] *See* Brief of Defendants in Opposition to Motion for Summary Judgment at 2.

[14] Plaintiff requests in its Reply Brief that, in light of the challenge to the authenticity of Evelyn P. Bailey's signature, the court defer ruling on the motion for summary judgment as to the claim against Evelyn P. Bailey until further discovery is taken. *See* Reply Brief (doc. no. 21). If plaintiff discovers evidence to support a judgment as a matter of law against defendant, Evelyn P. Bailey, then plaintiff may file another motion for summary judgment within the deadline contained in the scheduling order. The motion as it currently exists cannot be granted as to defendant Evelyn P. Bailey.

further consideration before the court can enter final judgment against defendants George M. Bailey, Jr., and Bailey Fence. Although defendants do not dispute the liability of these defendants, the extent of liability is not clear from the summary judgment record. Plaintiff filed its motion for summary judgment under the assumption that there would be no dispute as to the authenticity of the signatures on the General Indemnity Agreement.[15] Because plaintiff did not foresee a challenge to Evelyn Bailey's signature, its attorneys did not brief the issue of whether the Baileys' liability is joint and several. Therefore, if the issue of the extent of liability of George M. Bailey, Jr., and Bailey Fence can be resolved as a matter of law, plaintiff may file an additional motion for summary judgment on the issue of whether those defendants are liable for the entire amount claimed by plaintiff, or a portion thereof. Once that issue is resolved, a final judgment as to these defendants may issue.

## IV. CONCLUSION

Accordingly, the motion for summary judgment should be granted in part as to liability on plaintiff's claims against defendants Bailey Fence and Floor Covering, Inc., and George M. Bailey, Jr., and should be denied as to the claim against defendant Evelyn P. Bailey. Plaintiff's motion to strike evidentiary submission in opposition to the motion for summary judgment is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

---

[15] *See* Brief in Support of Motion for Summary Judgment at 2, Statement of Undisputed Facts #5.

DONE this __14th__ day of January, 2004.

_____
United States District Judge

8